**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ARTURO GARZA, LaQUINTA** | § | |
| **JONES, AND DORIS MORALES,** | § | |
| **INDIVIDUALLY, AND ON BEHALF** | § | |
| **OF ALL OTHERS SIMILARY** | § | |
| **SITUATED,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.: 2:22-cv-00079** |
| | § | |
| | § | |
| **HERRMAN & HERRMAN, PLLC,** | § | |
| **GREG HERRMAN, STEVEN C.** | § | |
| **STRATSO, KYZMYCK BYERLY,** | § | |
| **RODNEY GLENN, HECTOR LUNA,** | § | |
| **AND DOES 1 THROUGH 100,** | § | |
| | § | |
| *Defendants.* | § | |

---

**DEFENDANTS' FRCP 12b(6) MOTION TO DISMISS**
**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT**

---

J.A. Tony Canales                                    Patricia Canales Bell
Texas Bar No. 03737000                               Texas Bar No. 00793455
Tonycanales@canalessimonson.com                      pcb@canalessimonson.com


**CANALES & SIMONSON, P.C.**
2601 Morgan Avenue
Corpus Christi, Texas 78405
361.883.0601 telephone
361.884.7023 telefax


**ATTORNEYS FOR DEFENDANTS HERRMAN & HERRMAN, PLLC.,**
**GREG HERRMAN, STEVEN C. STRATSO, KYZYCK BYERLY,**
**RODNEY GLENN, AND HECTOR LUNA.**

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS…………………………………………….……………………... 2

TABLE OF AUTHORITIES …………………………………………………………...…3

I.      SUMMARY……………………………………………………….……….6

II.     STATEMENT OF FACTS……………………………………………….…………7

III.    ARGUMENT AND AUTHORITIES……………………..…………………….....9

        A.  The Applicable Legal Standard -RICO………………...……..…………………....9

        B.  The Complaint Fails to State a Claim for RICO Violation 18 USC §1962(c)…....…11

              Plaintiffs' RICO Claims are Fatally Deficient…………………………...………11

              Plaintiffs failed to plead a "Pattern of Racketeering Activity"…………………..12

              The Predicate Act – Wire Fraud……………………………………………...…12

              No Pattern of Predicate Acts with Continuity…………………………………14

              Plaintiff Fails to Plead the Existence of an Enterprise…………………..……15

              No Injury due to Commission of a Predicate Act………………………………17

        C.   Plaintiffs Fail to State a Specific Injury Under RICO 18 U.S.C. §1962(a)……...…18

        D.  Plaintiffs Fail to State a RICO Conspiracy under 18 U.S.C. §1962(d)……….…...19

        E.  The Court Should Decline to Exercise Supplemental Jurisdiction………………..21

IV.  CONCLUSION AND PRAYER…………………………………………………..21

CERTIFICATE OF SERVICE……………………………………………...……….....23

## TABLE OF AUTHORITIES

***Caselaw:***                                                                                    ***Page***

*Abraham v. Singh,*
  480 F.3d 351, 356 (5th Cir. 2007)…………………………………………...……19

*Anza v. Ideal Steel Supply Corp.,*
  547 U.S. 451, 461 (2006)…………………………………………..…………..17

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S.Ct. 1937 (2009)…………………………………..………10

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)……………………………………………………..………..10

*Carlsbad Technology Inc., v. HIF Bio, Inc.,*
  556 U.S. 635 (2009)………………………………………………………………21

*Chaney v. Dreyfus Serv. Corp.,*
  595 F.3d 219, 239 (5th Cir. 2010)…………………………………….………19, 20

*Cullom v. Hibernia Nat'l Bank,*
  859 F.2d 1211, 1214 (5th Cir. 1988)…………………………………...……11

*Elliot v. Foufas,*
  867 F.2d 877, 881 (5th Cir. 1989)……………………………………………15-16

*FMC Int'l A.G. v. ABB Lummus Glob., Inc.,*
  2006 WL 213948, at *4 (S.D. Tex. Jan. 24, 2006)…………………………..…….13

*Fuller v. Harrah's Entertainment, Inc.,*
  2004 U.S. Dist. LEXIS 22097, at *2 (E.D. La. Oct. 29, 2004)……………….……9, 10

*H.J. Inc. v. Northwestern Bell Tel. Co.,*
  492 U.S. 229, 242-43 (1989)…………………………………………………12, 14

*Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.,*
  187 F.3d 941, 952 (8th Cir. 1999)………………………………………………17

*Hemi Group, LLC v. City of New York,*
  559 U.S. 1 (2010)……………………………………………………………17-18

***Page***

*In re Burzynski*,
    989 F.2d 733, 741 (5th Cir. 1993)……………………………………………12,14, 15

*Manax v. McNamara*,
    842 F.2d 808, 812 (5th Cir. 1988)……………………………………………..……16

*Marlin v. Moody Nat'l Bank, N.A.*,
    248 F.App'x 534 (5th Cir. 2007)…………………………………………..…….20

*Maruiber v. Shearson/Am. Express, Inc.*,
    546 F. Supp. 391, 394 (S.D.N.Y. 1982)…………………………………..…….10

Nolen v. Nucentrix Broadband *Networks, Inc.*,
    293 F.3d 926, 929 (5th Cir. 2002)……………………………………………19

*N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*,
    781 F.3d 182, 202 (5th Cir. 2015)……………………………………………19

*O'Brien v. Nat'l Prop. Analyst Partners*,
    936 F.2d 674, 676 (2d Cir. 1991)……………………………………………..10

*Pan Am. Mar., Inc. v. Esco Marine, Inc.*,
    No. 04-cv-188, 2005 WL 1155149, at *8 (S.D. Tex. May 10, 2005)…………………21

*Parker & Parsley Petroleum Co. v. Dresser Indus.*,
    972 F.2d 580, 583 (5th Cir. 1992)…………………………………………..…….16

*Reves v. Ernst & Young*,
    507 U.S. 170, 185, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993)…………………..…….9

*Samson v. Colonial County Mat. Nationwide Ins. Co.*,
    No. 09-cv-1165, 2009 WL 7797234, at *1 (S.D. Tex. Nov. 23, 2009)…………………10

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
    473 U.S. 479 (1985)……………………………………………………………..17

*Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*,
    975 F.2d 1134, 1140 (5th Cir. 1992)……………………………………………20

*Page*

*William v. WMX Techs*.,
    112 F.3d. 175,177 (5th Cir. 1997)………………………………………………10, 12


*United States v. Rajwani*,
    476 F.3d 243, 247(5th Cir. 2007)……………………………………………...12


### *Statutes*

18 U.S.C. §§1962, et seq.………………………………………..………...……………7

18 U.S.C. §1962 (a).…………………………………………...…………....7, 9, 15, 18, 19

18 U.S.C. §1962 (c)………………………………………...……….7, 9, 11, 12, 17, 18

18 U.S.C. §1962 (d)………………………………...………..……….…...7, 9, 17, 19-21

18 U.S.C. § 1964(c)……………………………………...…….………….9, 11

18 U.S.C. §1343……………………………………………………...…………..7, 12

18 U.S.C. § 1961(5)……………………………………………….…………….14

28 U.S.C. §2367……………………………………………………………….21


### *Federal Rules of Civil Proceduer*

FRCP 8.……………………………………………………………...…………………7

FRCP 9(b)…………………………………………………….……………………5, 7

FRCP 12(b)(6)………………………………………………….…………1, 7, 17

### *Docket Entries*

Docket Entry 1:
    *Original Class Action Complaint and Demand for Jury Trial*………………….*passim*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ARTURO GARZA, LaQUINTA** | § | |
| **JONES, AND DORIS MORALES,** | § | |
| **INDIVIDUALLY, AND ON BEHALF** | § | |
| **OF ALL OTHERS SIMILARY** | § | |
| **SITUATED,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.: 2:22-cv-00079** |
| | § | |
| | § | |
| **HERRMAN & HERRMAN, PLLC,** | § | |
| **GREG HERRMAN, STEVEN C.** | § | |
| **STRATSO, KYZMYCK BYERLY,** | § | |
| **RODNEY GLENN, HECTOR LUNA,** | § | |
| **AND DOES 1 THROUGH 100,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**
**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Herrman & Herrman, PLLC, Greg Herrman, Steven C. Stratso, Kyzmck Byerly, Rodney Glenn, and Hector Luna (collectively, "Defendants"), file this motion to dismiss for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Defendants show the Court as follows:

**I. SUMMARY**

1.   Arturo Garza, LaQuinta Jones, and Doris Morales (Plaintiffs) bring causes of action against Defendants Herrman & Herrman, PLLC (H&H); and its employees, Greg Herrman

(Herrman); Steven C. Stratso (Stratso); Kyzmyck Byerly (Byerly), Rodney Glenn (Glenn), and Hector Luna (Luna) alleging violations of the Racketeering Influenced and Corrupt Organizations Act ,18 U.S.C. §§1962, et seq. (RICO), Common Law Fraud, Breach of Fiduciary Duty, Conspiracy and Unjust Enrichment. *Dkt. Entry 1*. Plaintiffs' allegations are a continuum of litigation brought by Plaintiffs through the state courts, which were litigated through discovery, and then voluntarily dismissed against Defendants H&H and Herrman. Now, in addition to common law claims, Plaintiffs assert violations of the RICO statute under 18 U.S.C. §1962(a), §1962(c) and §1962(d) against Defendants. Plaintiffs claim Defendants participated in a pattern of racketeering activity (18 USC 1962(c)) consisting of acts of wire fraud (18 U.S.C. §1343) and investment of received income from the alleged pattern of racketeering into the enterprise (18 U.S.C. 1962(a)). Plaintiffs further allege defendants conspired to participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. 1962(d). *Dkt. Entry 1*. This motion seeks dismissal of all claims based on Federal Rule of Civil Procedure 12(b)(6), as plaintiffs have failed to state a claim for which relief may be granted within the strict pleading requirements of RICO. 18 U.S.C. §1962(a), §1962(c) and §1962(d).

## II.  <u>STATEMENT OF FACTS</u>

2.  Each of the three named plaintiffs are former personal injury clients of Defendant law firm, H&H. Each plaintiff entered into separate, identical, employment contracts for H&H representation of their personal injury claims. *Dkt. Entry 1, Exs.1-4.* All terms of the contract are disclosed to each Plaintiff in written form. *Id.* Garza executed two employment contracts with H&H; the first on July 8, 2019, and the second on September 20, 2019. *Id., Exs.1and 2*. H&H settled Garza's first claim on October 16, 2019, and all funds were collected and dispersed

according to the Employment Contract. *Dkt. Entry 1, p. 25, ¶83*. Morales executed her

employment contract with H&H on September 20, 2019.  *Id., Ex.4*. Jones executed her

employment contract with H&H on November 11, 2019. *Id., Ex.3*.

3.   As to each plaintiff, the prosecution of their personal injury case commenced through

settlement negotiations with insurance adjusters, *without filing a lawsuit* on their behalf.  In

addition to client authorizations, each employment contract outlined client rights and legal fees

and costs owed for professional services provided by H&H. *Id., Exs.1-4*. Specifically, Plaintiffs

authorized reasonable expenses or charges deemed expedient or necessary:

> Herman & Herman, P.L.L.C. is hereby authorized to obligate me for all
> necessary and reasonable expenses or charges deemed expedient or
> necessary in the investigation, presentation, prosecution, defense, or trial of
> such claims(s).  The expenses to be reimbursed include, but are not limited
> to, court costs, consultants fees, postage, travel, and parking expenses. ***Each
> client whose case is settled without filing a lawsuit will be assessed an
> administrative fee of $195.00 to cover expenses for the following:  black
> and white photocopies, postage, long distance phone calls, scanned
> documents, facisimilies and other miscellaneous supplies.   All other
> expenses will be charged to client based on the actual cost.***
>
> All client cases where a lawsuit is filed will not incur this fixed charged, but
> will be charged for *all expenses*, including the above expenses, incurred in
> the prosecution of the case. *Id.*

4.   The $195.00 administrative fee was a disclosed term of the Employment Contract,

negotiated in consideration for professional, legal services.  On September 25, 2019, Morales

terminated her contract with H&H by letter titled "NOTICE OF RELEASE OF LEGAL

SERVICES." *Dkt. Entry 1, Ex.17.*  On October 17, 2019, by way of identical "Notice," Garza

terminated H&H.  *Dkt. Entry 1, Ex.12.*  On November 27, 2019, Jones sent the same "Notice"

letter to H&H.  *Dkt. Entry 1, Ex.15.*  Immediately thereafter, Plaintiffs hired The Bandas Law

Firm, to pursue settlement of their personal injury claims.  *Dkt. Entry 1, ¶¶ 89,105, 122.*

Plaintiffs filed State District Court cases against H&H and Herrman (Cause No. 2020DCV-1662-

H; *Morales & Garza v. Greg Herrman, Attorney at Law and Herrman & Herrman, PLLC; in* the 347th Judicial District of Nueces County, Texas; Cause No. 2021DCV-2168-C; *Jones v. Greg Herrman, Attorney at Law and Herrman & Herrman*, PLLC; in the 94th Judicial District of Nueces County, Texas). *Dkt. Entry 1, p.37,  ¶140.* Each case has been nonsuited. *Id. at p.38, ¶143.*

## III.   ARGUMENT AND AUTHORITIES

### A.  The Applicable Legal Standard - RICO

5.   The Racketeer Influenced and Corrupt Organizations Act (RICO) is a criminal statute targeted at the infiltration of organized crime into legitimate businesses. *See Reves v. Ernst & Young*, 507 U.S. 170, 185, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993). The civil enforcement provisions of RICO are found at 18 U.S.C. § 1964(c). In order to be entitled to relief in a RICO civil action, a plaintiff must show a violation of one or more of the four subsections of 18 U.S.C. §1962. *See* 18 U.S.C. §1964(c). In their 111 page, Original Complaint (*Dkt. Entry 1*), Plaintiffs assert civil RICO claims for:

(a)  violations of 18 U.S.C. § 1962(c) (participation in a criminal enterprise that conducts business through a pattern of racketeering activity) against Defendants Herrman, Stratso, Byerly, Glenn and Luna;

(b)  violations of § 1962(a) (investment of racketeering income) against Herrman and H&H; and

(c)  violations of §1962(d) (conspiring to violate subsections (a), (b), or (c) of §1962 against Herrman, Stratso, Byerly, Glenn and Luna).  *See Dkt. Entry 1.*

6.   Because the civil RICO statute is an unusually potent weapon that entitles a prevailing plaintiff to treble damages, a RICO plaintiff must do more to defeat a motion to dismiss than simply to assert an inequity attributable to a defendant's conduct and tack on the self-serving conclusions that the conduct amounted to racketeering." *Fuller v. Harrah's Entertainment, Inc.,*

2004 U.S. Dist. LEXIS 22097 (E.D. La. Oct. 29, 2004). Accordingly, "[a]t a bare minimum, a civil RICO complaint must state facts sufficient to demonstrate (1) specific instances of racketeering activity within the reach of the RICO statute; and (2) a causal nexus between that activity and the harm alleged." *Fuller,* 2004 LEXIS 22097, at *2.  In doing so, a RICO plaintiff must also meet the pleading standards articulated in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)) and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009), which require that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Samson v. Colonial County Mat. Nationwide Ins. Co.,* No. 09-cv-1165, 2009 WL 7797234, at *1 (S.D. Tex. Nov. 23, 2009) (citing *Iqbal,* 129 S.Ct. at 1949) (applying *Twombly* and *Iqbal* to RICO claims).

7.   In addition to these basic Fed. R. Civ.P. Rule 8 pleading standards, a plaintiff who hopes to establish a mail or wire fraud violation as a RICO predicate act must meet the more stringent pleading standards of Fed. R. Civ. P. 9(b).  *See O'Brien v. Nat'l Prop. Analyst Partners*, 936 F.2d 674, 676 (2d Cir. 1991)(affirming dismissal of RICO claims for failure to plead fraud with particularity).  Furthermore, where fraud is alleged against multiple defendants, the complaint should inform each defendant of the nature of his alleged participation in the purported fraud. *See Maruiber v. Shearson/Am. Express, Inc*., 546 F. Supp. 391, 394 (S.D.N.Y. 1982). RICO claims resting on allegations of fraud are no exception.  *William v. WMX Techs*., 112 F.3d. 175,177 (5th Cir. 1997).  These principles apply with particular force in civil RICO actions. Here, the allegations that form the basis of Plaintiffs' RICO claim do not satisfy the pleading standards set forth in *Twombly*, *Iqbal* and Rule 9(b).

**B.  The Complaint Fails To State A Claim For Rico Violation 18 USC §1962(c).**

8.   Plaintiffs claim that Defendants, in furtherance of their individual legal representation, deliberately and fraudulently concealed a $195.00 administration fee in their contract for legal services.  *See generally, Dkt. Entry 1*. Despite the written affirmation of the $195 administrative fee each client agreed to in their executed, Employment Contract, Plaintiffs claim Defendants engaged in a scheme to defraud and obtain money by means of false or fraudulent representation. *Id.*  Further, Defendants, through a RICO enterprise, communicated with out-of-state insurers involved in Plaintiffs' cases via interstate internet wires as part of their scheme to collect the unlawful and fraudulent $195 "administrative fee." *Id.*

***Plaintiffs' RICO Claims are Fatally Deficient***

9.   Plaintiffs plead that they are entitled to damages under RICO pursuant to 18 U.S.C. 1964(c).  *Id.* In order to establish standing under Section 1964(c), a plaintiff first must show a violation of Section 1962.  *See Cullom v. Hibernia Nat'l Bank*, 859 F.2d 1211, 1214 (5th Cir. 1988). Regarding the first required element – a violation of Section 1962 – the Plaintiffs allege that Defendants Herrman, Stratso, Byerly, Glenn, and Luna violated subsection (c) of section 1962. Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's  affairs  through  a  pattern  of  racketeering activity or collection of unlawful debt.  *18 U.S.C. §1962(c).*

However, Plaintiffs fail to adequately state facts and a theory to support such a violation.

10. On the face of their pleading, Plaintiffs have failed to state a claim that relies on this provision because they failed to properly plead an "enterprise," and a "pattern of racketeering."

*See In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993)(holding that a RICO claim was properly dismissed under Rule 12(b)(6) because the plaintiff failed to properly plead a "pattern of racketeering activity" and a RICO "enterprise").

### *Plaintiffs failed to plead a "Pattern of Racketeering Activity."*

11.  The key element of a RICO claim under 1962(c) – a "pattern of racketeering activity" – has two components: (1) predicate acts – the requisite racketeering activity, and (2) a pattern of such acts.  *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 242-43 (1989).  Plaintiffs fail to state claims on each component.

### *The Predicate Act - Wire Fraud*

12.  The Plaintiffs assert predicate acts of wire fraud in violation of 18 U.S.C. §1343. Because Plaintiffs RICO claims are based on predicate acts of fraud, these claims are subject to Rule 9(b)'s heightened pleading requirement.  *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir. 1997).  The elements of wire fraud include (1) a scheme or artifice to defraud; and (2) the use of wire communications in furtherance of the fraudulent scheme. *United States v. Rajwani*, 476 F.3d 243, 247 (5th Cir. 2007). Plaintiffs fail to plead facts with particularity that would constitute predicate acts of wire fraud.

13.  Plaintiff alleges "Stratso sent emails and letters to an out of state insurer to collect payment on Garza's claim, which include the $195 "administrative fee."  *Dkt. Entry. 1, p. 57, ¶185.*  Further, Plaintiffs identify the following as predicate acts:

- October 21, 2019, fax from Stratso to Progressive Commercial, advising Progressive Commercial of Plaintiff Garza's termination of legal services. *Dkt. Entry 1, p. 66, ¶219 and Ex. 13.*

- May 12, 2020, email from Stratso to Progressive regarding the Morales and Garza Claims: "Can you please forward to the handling adjuster that our expenses are $198 per client and that we do agree to a 50/50 fee split?" *Dkt. Entry 1, p.67, ¶ 223 and Ex. 14.*

- "Later on May 12, 2020, Stratso sent an email to the handling adjuster Staci Snell in San Antonio, Texas again discussing "our interest int eh case." *Dkt. Entry 1, p. 223, Ex.14.*

- "With respect to Garza's prior accident that took place on July 6, 2019, an associate or employee of H&H communicated with an out of state insurer to collect payment, including the (alleged) fraudulent $195 administrative fee." *Dkt. Entry 1, p. 67, ¶ 224.*

- "On December 9, 2019, H&H employee, Glenn faxed State Farm Insurance claims representative in Phoenix Arizona advising of H&H's full interest in attorney's fees and "office expenses of $195.00 in Laquinta Jones' claim." *Dkt. Entry 1, ¶ 227 and Ex. 16.*

- "Stratso attempted to collect "administrative fee" in relation to Morales' claim by sending a fax on H&H's behalf to Progressive Commercial in Island Heights, Ohio on October 21, 2019. *Dkt. Entry 1, p. 68, ¶229 and Ex.18.*

- "Numerous similar predicate acts of wire fraud were committed by these Defendants against their clients since early 2019, are ongoing and will continue into the future." *Dkt. Entry 1, p. 69, ¶235.*

14. Plaintiffs predicate their RICO claims on wire fraud but fail to plead particularized facts supporting its fraud allegations. Plaintiffs need to identify "who caused what to be mailed or wired when" and to "allege *specifically* how *each* act of mail or wire fraud furthered the fraudulent scheme." *FMC Int'l A.G. v. ABB Lummus Glob., Inc.*, 2006 WL 213948, at *4 (S.D. Tex. Jan. 24, 2006). Plaintiffs fail to identify with specificity, how each act of alleged wire fraud furthered the alleged fraudulent scheme regarding the $195 administrative fee.  The emails and faxes Plaintiffs refer to are further evidence of contractual terms of the employment contract each plaintiff entered with H&H and are all actions taken during the ordinary course of business. Nothing about the alleged circumstances in which these communications occurred permit the Court to draw inference – much less a strong inference – that Defendants acted with the requisite fraudulent intent.  Rather, the circumstances alleged permit an equal, if not greater Inference that the defendants' conduct, in communicating with third party insurance companies as per terms of their contract entered into by the parties, was lawful.   Plaintiffs "have not nudged their claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

***The Pattern of Predicate Acts with Continuity.***

15. Plaintiffs have failed to plead a "pattern" of such predicate acts as alleged. To prove a pattern of racketeering, a RICO plaintiff must show that each defendant engaged in long-term criminal conduct that was both related and continuous. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237 (1989). A RICO plaintiff must plead such a "pattern" by pleading both the predicate acts are *related* to each other **and** that they either constitute or threaten **long-term, continuing criminal activity**. *H.J. Inc.*, 492 U.S. at 239; *Burzynski,* 989 F.2d at 742. In other words, the predicate acts must be both "related" to each other and have "continuity." *H.J. Inc.*, 492 U.S. at 239. Further, a pattern of racketeering activity must include two or more acts of racketeering activity. *See* 18 U.S.C. § 1961(5). Plaintiffs have failed to do so.

16. Continuity is established by a plaintiff's proving "continuity of racketeering activity, or its threat." *H.J. Inc., at 241.* This can be shown either by a closed period of repeated conduct, or by an open-ended period of conduct that "by its nature projects into the future with a threat of repetition." *Id.* at 241. A closed period of conduct may be demonstrated "by proving a series of related predicates extending over a substantial period of time." *Id.* at 242. "Predicate acts extending over a few weeks or months…do not satisfy this requirement." *Id.* An open period of conduct involves the establishment of "a threat of continued racketeering activity." *Id.* By its enactment of RICO, Congress was concerned with "long-term criminal conduct." *Id.*

17. Plaintiffs have failed to plead any predicate acts, much less two acts, committed by Defendants that were ongoing over a significant period of time or that present a threat of repetition in the future. All alleged, predicate acts of wire fraud occurred during the time period July 8, 2019, through May 2020. *See Dkt. Entry 1*. Each predicate act as alleged is the result of a single transaction – the employment contract Plaintiffs entered into with H&H.

18. The Fifth Circuit does not countenance a RICO claim where alleged predicate acts relate to a single, lawful event.  The employment contract entered into by each Plaintiff constitutes a discreet lawful event that has now ended and therefore, the related wired communications do not threaten ongoing alleged criminal activity.   Plaintiffs underlying personal injury representation with H&H has ended as does any threat to ongoing criminal activity constituting "racketeering activity."  Therefore, Plaintiffs' allegations do not permit a plausible inference that Defendants engaged in a "pattern" of racketeering activity.

### *Plaintiffs Fail to Plead the Existence of an Enterprise.*

19. In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise." *Elliott v. Foufas, 867 F.2d 877, 881 (5th Cir. 1989).* "A RICO 'enterprise can be either a legal entity or an ''association in fact' enterprise."  *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993).  "The enterprise must be 'an entity separate and apart from the pattern of activity in which it engages.'" *Elliot*, 867 F.2d at 881."If a defendant is a legal entity, the plaintiffs must do more than merely establish that the corporation, through its agents, committed the predicate acts in the conduct of its own business." *Id.* Plaintiffs must also allege the "enterprise" engaged in, or the activities of the "enterprise" affect, interstate, or foreign commerce.  *See §1962(a) and (c).*

20.  Here, Plaintiffs allege the RICO enterprise is H&H, a professional limited liability corporation served as the vehicle for racketeering activities by its employees/defendants. *Dkt. Entry 1, p.50, ¶162.*  Plaintiffs identify Herrman as the managing partner and director of the enterprise.  *Id., p. 53, ¶170.* Plaintiffs identify each of the individual defendant/employee as a RICO person and allege each "agreed to conduct the affairs of the RICO Enterprise."  *See Dkt. Entry No. 1, pp. 53-64.* Plaintiffs allege each RICO person named committed predicate acts in

furtherance of the conspiracy. *Id.* Failure to demonstrate separation of the person from the enterprise is fatal to Plaintiffs RICO claims. *See Elliott, 867 F.2d 877, 881 (5th Cir. 1989).*

21. The fact that officers or employees of a corporation, in the course of their employment, associate to commit predicate acts does not establish an association-in-fact enterprise distinct from the corporation. *Id.* Further, Plaintiffs fail to suggest how the communications that allegedly advanced the RICO scheme violated federal law because they appeared to be nothing more than "routine business correspondence." *Id. at 882.*

22. The alleged predicate acts committed by Defendants, such as email and faxes to out of state insurance companies, were committed by agents or officers of the corporation in the ordinary course of business. There are no allegations demonstrating an association beyond one in the course of employment by H&H. *Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 583 (5th Cir. 1992)*, reaffirms the court's perspective by finding that a "defendant corporate *entity* functioning through its employees in the course of their employment" does not constitute a *RICO enterprise.*

23. Plaintiffs do not allege that Defendant H&H is both the *RICO enterprise* and a member of the association in fact, but the caselaw indicates that a *RICO* plaintiff cannot circumvent the *enterprise*/person and the *enterprise*/activity distinctiveness requirements by creative *pleading*. The acts alleged consisted of nothing more than H&H employees ordinary course of business. Communicating with insurance companies while handling a personal injury claim are directly related to activities of a Law Firm. Plaintiffs has failed to allege that Defendants were associated in any way separate from the activities of H&H.

24. The RICO violations alleged by Plaintiffs in this lawsuit under 18 U.S.C. §§ 1962 (c) and (d) (discussed infra) require the presence of an enterprise. *Manax v. McNamara*, 842 F.2d 808,

812 (5th Cir. 1988). No conspiracy to violate Section 1962(c) can exist without a violation of Section 1962(d). Therefore, the RICO cause of action should be dismissed in its entirety.

### *No Injury due to Commission of a Predicate Act*

25.  A RICO plaintiff must show that the injury alleged was due to the defendant's commission of a predicate act.  *See Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc*., 187 F.3d 941, 952 (8th Cir. 1999) ("The class of persons who may sue under RICO is limited to those whose injuries were directly caused by RICO violations. As explained by the Supreme Court in *Sedima, S.P.R.L. v. Imrex Co., Inc*., 473 U.S. 479 (1985), an actionable RICO injury must be caused by the predicate acts alleged, because the essence of a RICO claim is the commission of predicate acts within the conduct of an enterprise. *See Id*. at 497. A RICO plaintiff's failure to allege that a specifically identified predicate act proximately caused his injury is grounds for dismissal at the pleading stage. *Hamm,* 187 F.3d at 952 (stating that the plaintiff must be injured by the conduct constituting the racketeering activity).  To show that their injury was "by reason of" a RICO violation, a plaintiff must show that a predicate offense "not only was a 'but for' cause of his injury, but a proximate cause as well."  *Holmes v. SIPC*, 503 U.S. 258, 268 (1992).

26. Here, the Plaintiffs have alleged the "administrative fee" they each accepted as part of their employment contract with H&H, has damaged them.  *See Dkt. Entry 1*. However, plaintiffs can show no predicate act committed by Defendants, via wire fraud, which caused any alleged injury. Proximate causation under RICO is evaluated in light of its common-law foundations. *Hemi Group, LLC v. City of New York*, 559 U.S. 1 (2010).  As such, the central question a court must ask is whether the alleged violation led directly to a plaintiff's injuries.  *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006).  If the alleged link between the defendant's conduct and

the plaintiff's injury is "indirect," "too remote," or "purely contingent," the complaint fails to satisfy the requirement of proximate cause. *Hemi*, 559 U.S. at 2 (quoting *Holmes*, 503 U.S. at 271, 274).

27. Fraud allegations centered on a term of an agreed to Employment Contract does not elevate H&H into a criminal enterprise any more than alleging that an agreed administrative fee is a RICO "injury."   The gravamen of Plaintiffs' allegations are not injury due to a "predicate act" under the RICO statutes.  The only injury Plaintiffs claim to have suffered was a potential loss of some portion of a $195 administration fee. The injury, however, was not caused by the predicate acts of wire fraud directed at insurance groups.  Such an injury is too remote or indirect to have been caused "by reason" of the Defendants' alleged RICO violations and the predicate acts themselves.  Here, as in *Hemi*, there is a disconnect between the Defendants' alleged RICO violation and Plaintiffs' alleged injury.  *Hemi*, 530 U.S. at 11. For the reasons stated within, Plaintiffs' Complaint must be dismissed for failure to allege an injury proximately cause by a violation of 18 USC §1962(c).

## C. Plaintiffs Fail to State a Specific Injury Under RICO 18 USC §1962(a).

28.  Plaintiffs bring allegations of 18 U.S.C. §1962(a) against Defendants Herrman and H&H asserting that Defendants used and invested profit from the pattern of racketeering activity in administering the fraudulent "administrative fees" for the benefit and perpetuation of the racketeering enterprise, H&H and the fraudulent "administrative fee" scheme." *Dkt. Entry 1, ¶249*.  Further, Plaintiffs allege that "since H&H derived financial benefit from Herrman's investment of income received from a pattern of racketeering activity, H&H is vicariously liable for his acts under 1962(a)." *Id. at ¶ 252*.

29. To adequately state a claim under Section 1962(a), a plaintiff must plead: "'(1) the existence of an enterprise, (2) the defendant's derivation of income from a pattern of racketeering activity, and (3) the use of any part of that income in acquiring an interest in or operating the enterprise.'" *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 202 (5th Cir. 2015). A plaintiff must also plead a nexus between the alleged violation and each individual plaintiff's injury. *Id.* The complained-of injury must flow from the investment of or use of racketeering income. *See Crowe v. Henry*, 43 F.3d 198, 205. The lack of a nexus in a Section 1962(a) allegation is fatal because "[a]n injury arising 'solely from the predicate racketeering acts themselves is not sufficient.'" *Abraham v. Singh*, 480 F.3d 351, 356 (5th Cir. 2007) (quoting *Nolen v. Nucentrix Broadband Networks, Inc.*, 293 F.3d 926, 929 (5th Cir. 2002).

30. Here, Plaintiffs Original Complaint wholly fails to plead a cause under Section 1962(a). Fatal to their cause is the lack of explanation as to how the investment or use of alleged racketeering income specifically injured each plaintiff. *Nolen*, 293 F.3d at 929. Plaintiffs generally allege that "Plaintiffs have been injured in their business and property in that, on information and belief, collection of the fraudulent "administrative fee" through wire fraud has been invested back into H&H and has funded successive racketeering acts, including imposition of the fraudulent $195 "administrative fee "against Plaintiffs." *Dkt. Entry 1, ¶251.*

31. The Complaint does not allege that the *use* of the proceeds from the alleged fraud caused any injury independent of the harm caused by the predicate acts nor does it satisfy a nexus between the alleged violation and each of Plaintiffs' Garza, Morales or Jones individual injury. As such, Plaintiffs fail to state a claim for violation of 18 U.S.C. § 1962(a).

## D.  Plaintiffs Fail to State a RICO Conspiracy §18 USC 1962 (d)

32. "In order to demonstrate a RICO conspiracy under § 1962(d), Plaintiffs must demonstrate (1) that two or more people agreed to commit a substantive RICO offense and (2) that [Defendants] knew of and agreed to the overall objective of the RICO offense." *Chaney v.*

*Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010).  "[B]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1140 (5th Cir. 1992).

33. Plaintiffs allege that "Defendants (Herrman, Stratso, Byerly, Glenn, and Luna) conspired to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, i.e., the assessment and collection of the fraudulent "administrative fee" through Wire Fraud." *Dkt. Entry 1, ¶256*.  At to each defendant, plaintiffs allege: Herman: "agreed to direct the RICO enterprise through a pattern of racketeering activity…" *Id. at ¶257*; Stratso, and Byerly: "agreed to carry out the fraudulent and unlawful "administrative fee" scheme by signing client representation agreements…" *Dkt. Entry 1, ¶¶258-259*; Glenn: "agreed to carry out the fraudulent and unlawful "administrative fee" scheme by sending interstate faxes to insurers…"(*Id. at ¶260*) and Luna: "agreed to carry out the fraudulent and unlawful "administrative fee" by having clients sign the agreements…" *Id. at ¶261*.

34. Plaintiffs complaint fails to allege specifically, any agreement to commit predicate acts as alleged in their conspiracy and thus fails to state a claim under 1962(d).  *See Tel-Phonic Servs.*, 975 F.2d at 1140.   Plaintiffs' allegations of Defendants' association as co-worker, ,are not evidence of conspiracy.  *Chaney*, 595 F.3d at 239 (citing *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534 (5th Cir. 2007)).

35. Plaintiffs allegations of an agreement between defendants to "to carry out the fraudulent and unlawful "administrative fee scheme" are insufficient. *Dkt. Entry 1, ¶ para 257-261*.  "[S]imply alleging the existence of an agreement...is not sufficient," *See Tel-Phonic Servs., Inc.,* 975 F.2d 1134, 1140 (5th Cir. 1992)(conspiracy allegations insufficient where the plaintiffs

fail to "allege facts implying any agreement involving each of the Defendants to commit at least two predicate acts."). Plaintiffs allege nothing more than conclusions that the defendants "agreed to carry out" or "directed " in violation of the RICO statute. These allegations fail to state a claim under § 1962(d) and must be dismissed.

36. As outlined above, Plaintiffs have failed to state a §1962 (c) claim under RICO conspiracy.  As such, their claims under §1962(d) fail as well.  *Pan Am. Mar., Inc. v. Esco Marine, Inc.,* No. 04-cv-188, 2005 WL 1155149, at *8 (S.D. Tex. May 10, 2005).

**E. The Court Should Decline to Exercise Supplemental Jurisdiction.**

37. Absent Plaintiffs' RICO claims, no other basis exists to support this Court's subject matter jurisdiction over this lawsuit.  When a Court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. §2367, over pendant state claims.  *Carslbad Technology Inc., v. HIF Bio, Inc.,* 556 U.S. 635 (2009).  The only remaining claims before the court are claims for Common Law Fraud, Breach of Fiduciary Duty, Conspiracy and Unjust Enrichment. *See Dkt. Entry 1.* Given the lack of Federal interest in the remaining portions of this suit, the centrality of remaining issues is to Texas law, and the lack of diversity between the parties, Defendant's respectfully request that this court decline to exercise supplemental jurisdiction over the remainder of Plaintiffs' claims.

## CONCLUSION AND PRAYER

38.  All claims asserted by the Plaintiffs in their Original Complaint against Defendants as violations under RICO must be dismissed under Rule 12(b)(6) for failure to state those claims.

Plaintiffs Original Complaint demonstrates that there are no set facts upon which relief for these claims may be granted as against Defendants.  See Fed.R.Civ.P. 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray the Court grant Defendants' Motion to Dismiss in its entirety with prejudice, and grant Defendants all other relief to which it is entitled.

Word Count: 4,992

*/S/ Patricia Canales Bell*
J.A. Tony Canales
Texas Bar No. 03737000
Federal ID No. 1163
Patricia Canales Bell
Texas Bar No. 00793455
Federal ID No. 19506
**CANALES & SIMONSON, P.C.**
2601 Morgan Avenue
Corpus Christi, Texas 78405
361.883.0601  telephone
361.884.7023  telefax
tonycanales@canalessimonson.com
pcb@canalessimonson.com

**ATTORNEYS FOR DEFENDANTS HERRMAN & HERRMAN, PLLC, GREG HERRMAN, STEVEN C. STRATSO, KYZMYCK BYERLY, RODNEY GLENN, and HECTOR LUNA**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded, VIA ELECTRONIC FILING, to the below listed counsel, in accordance with the Federal Rules of Civil Procedure this 20th day of June, 2022.

Further, in accordance with section 15(b) Motions to dismiss or for judgment on the pleadings in civil cases as listed in Judge Tipton's Court Procedures, I counsel has conferred regarding this motion

*/s/ Patricia Canales Bell*
Patricia Canales Bell.